AUSTIN, Commissioner of Insurance and Banking, et al. v. FIRST NAT. BANK OF TEAGUE. (No. 6030.)

(Court of Civil Appeals of Texas. Austin. June 26, 1918. Rehearing Denied Oct. 16, 1918.)

BANKS AND BANKING ⬥15.— DEPOSITOR'S GUARANTY FUND — STATUTE — "DEPOSITS OTHERWISE SECURED."

Under Rev. St. art. 486, one bank's deposit with another, evidenced by a certificate of deposit and secured by bond of depositary bank, with sureties, was a secured deposit, unprotected by the Depositors' Guaranty Fund, "deposits otherwise secured" excepted by statute, meaning secured otherwise than by Depositors' Guaranty Fund Act, including article 486.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by the First National Bank of Teague against Charles O. Austin, Commissioner of Insurance and Banking, the Farmers' & Merchants' State Bank of Teague, and J. D. Moore, its receiver. From the judgment the commissioner appeals. Reversed and rendered against the First National Bank of Teague and in favor of the commissioner in one particular; otherwise affirmed.

B. F. Looney, Atty. Gen., and C. M. Cureton, Asst. Atty. Gen., for appellant. C. S. Bradley, of Groesbeck, for appellees.

KEY, C. J. It is conceded that the following statement contained in appellant's brief is correct:

"This case was instituted by the appellee the First National Bank of Teague, filing its original petition in the district court of Travis county, Fifty-Third judicial district, on August 15, 1917. The Farmers' & Merchants' State Bank of Teague, an insolvent state banking corporation, J. D. Moore, its receiver, and Charles O. Austin, the Commissioner of Insurance and Banking, were made defendants. The purpose of the suit was the establishment of a claim of the appellee against the insolvent bank, and for its classification by the Commissioner of Banking as a noninterest-bearing and unsecured deposit, payable out of the Depositors' Guaranty Fund. The case was tried before the court on an agreed case or statement of facts, and judgment rendered on the 1st day of March, 1918. The judgment established the claim against the insolvent bank and its receiver, and directed the Commissioner of Banking to classify and allow the claim as a noninterest-bearing and unsecured claim, payable out of the Depositors' Guaranty Fund of the state. The Commissioner of Banking, on the overruling of his motion for a new trial, excepted, and gave notice of appeal. The court directed that the original agreed statement of facts be sent up as a part of the record in this case, which has accordingly been done.

"For the purpose of trial and final disposition of this case, the matter in controversy was submitted to the court and decided as an agreed case under the statutes. The facts necessary to be considered by the court are shown in the agreed statement of facts, substantially as follows:

" 'The First National Bank of Teague, Tex., a banking association, duly organized and existing under the laws of the Congress of the United States relating to national banks, with its place of business in Teague, Freestone county, Tex., and J. D. Moore, of Travis county (now in Freestone county), Tex., who is the duly appointed, qualified, and acting receiver of the Farmers' & Merchants' State Bank of Teague, Tex., thereunto duly appointed, qualified, and acting under and by virtue of orders and decrees of this honorable court, and the Hon. C. O. Austin, the duly appointed, qualified, and acting Commissioner of Insurance and Banking of Texas, the parties to this suit and proceeding, whose names are signed hereto, and being all of the parties to this suit and controversy, hereby agree that the following is a true and correct statement of the facts in this suit and controversy:

" '(1) That on August 28, 1916, the Farmers' & Merchants' State Bank of Teague, Tex., was and for several years had been a banking corporation, duly incorporated and existing under and by virtue of the laws of the state of Texas, with its place of business in Teague, Freestone county, Tex., and up to that date was doing a general banking business there; that prior thereto said state bank had complied with all of the provisions of the statute in relation to, and was then in all respects subject to and operating under, the provisions of the Deposit Guaranty Fund plan of such state bank, as provided by law, and was then operating as such state bank under said general fund plan.

" '(2) That on said last-named date said bank had become and was insolvent, and the Commissioner of Insurance and Banking of the state took possession of said Farmers' & Merchants' State Bank of Teague, Tex., as provided by law, and now has charge of said bank as such, except to the extent superseded by the receivership for the purpose of liquidating same, as provided by law and as hereinafter stated.

" '(3) That on the 29th day of August, 1916, J. D. Moore was duly appointed, and thereafter qualified, and is now and ever since has been the duly appointed, qualified, and acting receiver of said Farmers' & Merchants' State Bank, under proper qualification and orders of this honorable court.

" '(4) That on the day that the Commissioner of Insurance and Banking took possession of said Farmers' & Merchants' State Bank of Teague, Tex., and prior thereto, the First National Bank of Teague, Tex., who files and prosecutes this its plea and suit, had on deposit with the Farmers' & Merchants' State Bank of Teague, Tex., the sum of five thousand ($5,000) dollars to its credit, as evidenced by certificate of deposit, upon which deposit no interest was being paid, directly or indirectly, by said bank, its officers or stockholders, and no interest has been or was ever paid on said deposit.

" '(5) That all just and lawful offsets, payments, and credits in favor of said Farmers' & Merchants' State Bank of Teague, Tex., have been allowed and deducted from said deposit, and there still remains due and unpaid on same the sum of five thousand ($5,000) dollars.

" '(6) That when said deposit was made the Farmers' & Merchants' State Bank of Teague, Tex., executed and delivered to the First National Bank of Teague, Tex., its certificate of deposit, which is in words and figures as shown in Exhibit A attached and made a part of this agreement.

" '(7) That said deposit never was and is now in no manner secured either by collateral, bonds, liens, or otherwise, unless the facts stated in No. 8 as following, as a matter of law, amounted to such security.

" '(8) That at the time of making said deposit, and as a part of that transaction, the First National Bank of Teague, Tex., accepted from the makers thereof and now has an in-

strument executed by the parties whose names appear to same, which is as shown in Exhibit B attached and made part of this agreement.

" '(9) That said deposit was made with the Farmers' & Merchants' State Bank of Teague, Tex., by the First National Bank of Teague, Tex., with the express understanding and agreement between all parties that no interest should be paid on said deposit, and no interest has been paid or claimed on same.

" '(10) That the First National Bank of Teague, Tex., presented its claim for said deposit to the said receiver on the 11th day of October, 1916, which was duly and properly proved, as required by the statute, disclosing the facts set out in No. 8 above, and was in substance as shown in Exhibit C hereto attached and made part hereof, and had said certificate of deposit and bond or obligation attached to it, which was presented as an unsecured, noninterest-bearing deposit for allowance, classification, and payment, and said claim has been rejected as such claim, and has been disallowed by the Commissioner of Insurance and Banking, but was recognized and allowed only as a common creditor's claim.'

"The exhibit made a part of the agreed statement of facts was merely proof of claim presented by appellant, the Commissioner of Insurance and Banking, and is shown in the agreed statement of facts, as well as on pages 20 and 21 of the transcript.

"The bond referred to in the agreed statement of facts, quoted above, and which accompanied the certificate, and which was given at the time the deposit was made and the certificate of deposit issued, and which is a part of the agreed statement of facts in this case, was as follows, to wit:

" 'State of Texas, County of Freestone. Whereas, the First National Bank of Teague, Tex., has deposited in the Farmers' & Merchants' State Bank of Teague, Tex., the sum of five thousand ($5,000) dollars, which is evidenced by certificate of deposit this day issued to the said First National Bank of Teague, Tex.; and

" 'Whereas, the Farmers' & Merchants' State Bank of Teague, Tex., has agreed to pay the said First National Bank of Teague, Tex., the said sum of five thousand ($5,000) dollars, according to the terms and conditions of said certificate of deposit, without interest:

" 'Therefore we, the Farmers' & Merchants' State Bank of Teague, Tex., as principal, and T. R. Watson, J. E. Watson, W. R. Watson, N. A. Lucas, and S. E. Tucker, as sureties, acknowledge ourselves jointly and severally bound unto the First National Bank of Teague, Tex., in the penal sum of five thousand ($5,000) dollars in lawful money of the United States of America, for the payment of which we bind ourselves, our heirs, assigns, executors, and administrators.

" 'The condition of the above obligation is such that if the above-bounden Farmers' & Merchants' State Bank of Teague, Tex., shall well and truly pay or cause to be paid unto the First National Bank of Teague, Tex., the said sum of five thousand ($5,000) dollars, according to the tenor of said certificate of deposit, then the above obligation to be null and void; otherwise to remain in full force and effect.

" 'Witness our hands, together with the seal of said bank, this the 27th day of July, 1916. " '[Signed] Farmers' & Merchants' State Bank, Teague, Texas, Principal Surety.

" 'By J. E. Watson, V. Pt., Surety.
" 'T. R. Watson, Surety.
" 'J. E. Watson, Surety.
" 'S. E. Tucker, Surety.
" 'N. A. Lucas, Surety.
" 'W. R. Watson, Surety.'

"The certificate of deposit, issued at the time the deposit was made, and the bond, just copied, was made, read as follows, to wit:

" 'No. 2755.

" 'Farmers' & Merchants' State Bank,
" 'Teague, Texas, July 27, 1916.    $5,000.

" 'First National Bank, Teague, Texas, has deposited in this bank five thousand & no/₁₀₀ dollars, payable six months after date to the order of themselves on the return of this certificate, properly indorsed.

" 'J. E. Watson, V. Pt.
" 'Not subject to check.·    No. 59.'

"Petition and answer were filed in this case, but the issue presented in these documents was the same as that presented in the agreed case and statement of facts, to wit, the appellant insisting that the deposit was payable out of the Depositors' Guaranty Fund of the state, and the Commissioner of Insurance and Banking, appellee herein, insisting that such deposit was a 'secured' deposit, and not protected by, nor payable out of, the Depositors' Guaranty Fund.

"On the state of facts shown in the agreed case, the court entered a judgment in favor of appellant. That portion of the judgment necessary to be considered by the court was, in substance, as follows:

" 'It is therefore ordered, adjudged, and decreed by the court that the plaintiff, the First National Bank of Teague, do have its judgment, establishing its claim against the defendant, the Farmers' & Merchants' State Bank of Teague, and against J. D. Moore, its receiver as such only, for the amount of five thousand ($5,000) dollars, with interest thereon at the rate of six (6) per cent. per annum from August 28, A. D. 1916, under the limitations herein set forth, and for all costs of suit; provided, however, that no interest shall be paid until all debts of the said Farmers' & Merchants' State Bank of Teague have been paid as they existed on August 28, 1916, when said bank was taken possession of by the Commissioner of Insurance and Banking, and then such interest shall only be paid pro rata out of the residue of assets available for the payment of interest; that this judgment establishing said claim is rendered against the receiver of said bank only as receiver, and not against him personally, and shall not involve him personally, and the amount thereof shall be payable only out of such assets of said insolvent bank as may come into his hands, and then only pro rata with other creditors of the bank as other approved claims are paid; and the receiver will allow this judgment as an established claim against said bank the same as other claims of its class.

" 'It is further ordered, adjudged, and decreed that the plaintiff's claim of five thousand ($5,000) dollars be, and the same is hereby, classified and established as a noninterest-bearing and unsecured claim against the Farmers' & Merchants' State Bank of Teague, Tex., and as payable out of the Depositors' Guaranty Fund of the state; and Charles O. Austin, Commissioner of Insurance and Banking, is directed to so classify and allow the same; and, when so classified, it is directed that the Farmers' & Merchants' State Bank of Teague, Tex., and J. D. Moore, its receiver, will treat and regard the same in all respects as a noninterest-bearing and unsecured claim against the Farmers' & Merchants' State Bank of Teague; provided, however, that only the principal amount of said claim, to wit, five thousand ($5,000) dollars, is allowed and classified as a noninterest-bearing and unsecured claim, payable out of the guaranty fund.' "

## Opinion.

While appellant's brief contains more than one assignment of error, but one question is presented for decision, which is embodied in the following proposition asserted by appellant:

"Inasmuch as the uncontradicted evidence in this case showed that the deposit which formed the basis of appellee's claim was a 'secured' deposit, having been 'secured' by a bond executed by the Farmers' & Merchants' State Bank of Teague to the appellee, and signed by sureties, such deposit was not protected by the Depositors' Guaranty Fund of this state, and it was error on the part of the court to classify appellee's claim as a noninterest-bearing and unsecured claim, payable out of the Guaranty Fund, and directing the appellant, Charles O. Austin, Commissioner of Insurance and Banking, to so classify and allow said claim against or as payable out of the Depositors' Guaranty Fund of this state; all for the reason that, under the laws of this state, deposits which are 'secured' in any other manner than by the Depositors' Guaranty Fund are not protected by, nor payable out of, that fund."

We sustain that contention.

Article 486 of the Revised Civil Statutes defines those claims which are payable out of the Depositors' Fund, and reads as follows:

"Art. 486. In the event the Commissioner of Insurance and Banking shall take possession of any bank or trust company, subject to the Depositors' Guaranty Fund plan of this chapter, as herein provided, the depositors of said bank or trust company, as specified in article 448, shall be paid in full out of the cash in said bank or trust company that can be made immediately available from such bank; and the remainder shall be paid out of the Depositors' Guaranty Fund through the said board, in the event the cash available in said institution shall be insufficient; provided, that deposits upon which interest is being paid, or contracted to be paid, directly or indirectly by said bank, its officers or stockholders, to the depositor and deposits otherwise secured, shall not be insured under this chapter, but shall only receive the pro rata amount which may be realized from the assets, resources and collections of and from such banks and trust companies, its stockholders or directors."

In that article the proviso excepts from the language which precedes it three classes of deposits, which, but for the proviso, would be included within the preceding language. Generally speaking, the office of a proviso is to restrict what otherwise would be the effect of the statute; and the proviso in this instance was manifestly inserted for that purpose. It shows clearly the legislative intent to except from the benefits of article 486 three classes of deposits: (1) Deposits upon which interest is being paid; (2) deposits upon which interest had been contracted to be paid; and (3) deposits otherwise secured.

The controversy in this case—if, indeed, room for controversy exists—is predicated upon the meaning of the words "otherwise secured." Counsel for appellee the First National Bank of Teague make the contention,

which seems to have prevailed in the court below, to the effect that the language referred to means otherwise secured by the statute just being enacted; while counsel for appellant, the Commissioner of Insurance and Banking, contend that the words "otherwise secured," as used in the proviso, signify and mean deposits secured otherwise than by the Depositors' Guaranty Fund Act (Rev. St. arts. 445–517), of which article 486 is a portion.

The deposit protected by the Guaranty Fund is not protected by the bank, but by the statute providing for the Guaranty Fund. The property of the bank does not protect any depositor, because the statute expressly provides that creditors shall share equally in the assets of an insolvent state bank. R. S. arts. 470, 486, 487, and 551. Therefore it seems quite obvious that, when the Legislature used the words "otherwise secured," they were used for the purpose of describing deposits secured otherwise than by the law then being enacted.

In Fuller v. Aylesworth, 75 Fed. 694, 21 C. C. A. 505, the court was required to construe rule 29 (3 Sup. Ct. xvi), promulgated by the Supreme Court of the United States, which reads as follows:

"Supersedeas bonds in the circuit court must be taken with good and sufficient security that the plaintiff in error, or appellant, shall prosecute his writ of appeal to effect, and answer all damages and costs if he fail to make his plea good. Such indemnity wherein the judgment or decree is for the recovery of money 'not otherwise secured,' must be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal."

In that case the court held that the phrase "otherwise secured" meant otherwise than by the terms of the judgment.

As before intimated, we see but little, if any, room for controversy about the construction of the statute now under consideration. In our opinion, the agreed facts bring the case clearly within the scope of the proviso in article 486; and for that reason we hold that the trial court erred in that portion of its judgment which holds that the judgment in favor of the First National Bank of Teague against the other defendants was payable out of the Depositors' Guaranty Fund of the state, and therefore in that respect the judgment is reversed and here rendered against the First National Bank of Teague, and in favor of Chas. O. Austin, as Commissioner of Insurance and Banking. In all other respects the judgment is affirmed.

Reversed and rendered in part, and in part affirmed.